# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ADILA DJUZO, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| *versus* | § | CIVIL ACTION NO. 5:13-272 |
| | § | |
| CAROLYN W. COLVIN, | § | |
| Acting Commissioner of | § | |
| Social Security, | § | |
| | § | |
| *Defendant.* | § | |

## REPORT AND RECOMMENDATION

Adila Djuzo ("Djuzo") seeks review of an adverse decision on her application for disability-based supplemental security income benefits under the Social Security Act.

### I. Background

Djuzo, born in 1950, immigrated to the United States from Bosnia at approximately age 15. (T. 62). She cannot speak or understand English, but nevertheless became a naturalized citizen in 2008 when the Department of Homeland Security waived customary English language and civics testing requirements due to Djuzo's mental disability.[1]

---

[1] Djuzo submitted to immigration authorities a "Medical Certification for Disability Exceptions" form signed by Dr. Peter Cronkright, M.D. and Dr. Dinesh J. John, M.D., who, as of June, 2008, had treated Djuzo for depression for over one year. (T. 377-78). Both physicians opined that Djuzo is unable to learn English secondary to difficulty concentrating resulting from poor sleep hygiene due to flashbacks resulting from PTSD. (T. 379). They stated that Djuzo's disability would last longer than 12 months, and that it renders her unable to learn and/or demonstrate an ability to speak or write English. (T. 377-78).

In a Disability Report filed in August 2010, Djuzo claimed that she is disabled due to affective disorder, inability to read and write, hand and leg pain and numbness, high cholesterol, high blood pressure, and breathing problems. (T. 266). She believes, however, that her limitations are "mostly emotionally or thinking about things forgetting," and she explains that "I can stand walk sit etc all these things. I just cannot focus on one thing for a while or remember so I think mine is emotional not physical." (T. 278).

After initial administrative denials of her claim, an evidentiary hearing was held before an administrative law judge, Barry E. Ryan ("ALJ Ryan"). (T. 24, 51-74). Djuzo, accompanied by a non-attorney representative, attended and testified with assistance of a Bosnian interpreter. (*Id.*).

ALJ Ryan denied Djuzo's application in a written decision dated February 13, 2012. (T. 24-35). Thereafter, Djuzo obtained legal counsel who requested Appeals Council review. (T. 17-20). Djuzo's counsel submitted an attorney's brief (setting forth reasons for disagreeing with ALJ Ryan's decision (T. 317-20)) and additional evidence consisting of an April 6, 2012, treating medical source statement signed by both Ann Sweet, NP-C, and her supervising physician, Peter Cronkright, M.D. This statement identified impairments, symptoms, and limitations affecting Djozo's capacity to perform unskilled work. (T. 405-07).

The Appeals Council considered this new evidence.[2] It then found that "this information does not provide a basis for changing the Administrative Law Judge's decision." (T. 2). Djuzo was advised that her request for review was denied. (T. 1).

Djuzo then instituted this proceeding.

## II. Commissioner's Decision

ALJ Ryan found that Djuzo suffers from severe impairments consisting of hypertension, depressive disorder, and post-traumatic stress disorder ("PTSD"). (T. 27). Because none of these impairments is of such severity as to be presumptively disabling under 20 C.F.R. Pt. 404, Subpt. P, App. 1 (the "Listings"), ALJ Ryan next determined Djuzo's residual functional capacity. He found that Djuzo retains capacity to perform unskilled work at the medium exertional level.[3] (T. 30).

When making this finding, ALJ Ryan gave only "limited" weight to a treating physician's medical opinions regarding Djuzo's diminished mental and

---

[2] By an "Order of Appeals Council," the Appeals Council received the additional evidence, and made it part of the record. That Order noted that the record it reviewed included:

Exhibit B17E    Brief from Brandon Sawyer, Esq., dated 7/1/12

Exhibit B13F    Medical Source Statement from Ann Sweet, PA-C, and Peter Cronkright, MD, dated 4/6/12

(T. 5).

In a concurrent "Notice of Appeals Council Action" (under the subheading "What We Considered") the Appeals Council stated:

In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council.

(T. 1).

[3] "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 416.967(c)(3).

physical abilities to do work-related activities. (T. 31). He chose, instead to give "significant" and "considerable" weight to medical consultative opinions indicating less diminution of those abilities. (T. 31-33). ALJ Ryan also found Djuzo's subjective self-assessments regarding intensity, persistence and limiting effects of her symptoms as being "not entirely credible." (T. 34).

ALJ Ryan found that Djuzo's residual functional capacity allows her to perform her past relevant work as an assembler as Djuzo actually performed it. (T. 34). Consequently, ALJ Ryan concluded that Djuzo is not disabled,[4] and her claim was denied. (T. 35).

### III. Points of Alleged Error

Djuzo's brief presents four points of error, as follows :

1. The ALJ erred by failing to find Plaintiff disabled pursuant to the Medical-Vocational Guidelines;

2. The ALJ erred by according inadequate weight to the opinion of treating physician Dr. Ramovic-Zobic, thereby failing to support the residual functional capacity determination by substantial evidence;

3. The ALJ's credibility determination is unsupported by substantial evidence because the ALJ erred in analyzing the required factors when assessing Plaintiff's credibility; and

4. The ALJ's Step 4 determination that Plaintiff can perform her past relevant work is unsupported by substantial evidence.

(Dkt. No. 11, p. 3).

In response, the Commissioner argues that ALJ Ryan employed correct legal principles and his factual findings are supported by substantial evidence. (Dkt. No. 12, pp. 4-10).

---

[4] "At the fourth step, we consider our assessment of your residual functional capacity and your past relevant work. If you can still do your past relevant work, we will find that you are not disabled." 20 C.F.R. § 416.920(a)(4)(iv).

## IV. Judicial Review

A reviewing court's limited role under 42 U.S.C. § 405(g) is to determine whether (a) the Commissioner applied proper legal standards and (b) the decision is supported by substantial evidence. *See Lamay v. Commissioner of Soc. Sec.*, 562 F.3d 503, 507 (2d Cir. 2009), *cert. denied*, 559 U.S. 962 (2010); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *see also* 42 U.S.C. § 405(g). Reviewing courts also must take "due account" of "the rule of prejudicial error." 5 U.S.C. § 706; *see also* 28 U.S.C. § 2111 (directing that judgments given upon examination of records be "without regard to errors or defects which do not affect the substantial rights of the parties"); *see also* FED. R. CIV. P. 61 (stating that "the court must disregard all errors and defects that do not affect any party's substantial rights").

The Commissioner's findings are conclusive, and they must be affirmed when proper principles of law were applied, and when the Commissioner's decision is supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401; *see also* 42 U.S.C. § 405(g); *Halloran v. Barnhart*, 362 F.3d 28, 31 (2d Cir. 2004). "Substantial evidence" is a term of art. It means less than a "preponderance" (usual standard in civil cases), but "more than a mere scintilla," or "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *See Richardson*, 402 U.S. at 401; *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009); *Halloran*, 362 F.3d at 31.[5] In this circuit, courts conducting substantial evidence reviews " 'retain a responsibility to conduct a searching inquiry and to scrutinize the entire record, having in mind that the

---

[5] Stated another way, to be "substantial," evidence need only be "enough to justify, if the trial were submitted to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury." *National Labor Relations Bd. v. Columbian Enameling & Stamping Co.*, 306 U.S. 262, 299-300 (1939), cited in Harvey L. McCormick, Social Security Claims and Procedures § 672 (4th ed. 1991).

Social Security Act ... is remedial in purpose.'" *Monette v. Astrue*, 269 Fed. App'x 109, 110 (2d Cir. 2008) (summary order) (quoting *McBrayer v. Secretary of Health*, 712 F.2d 795, 798–99 (2d Cir. 1983)). Thus, they cannot disregard obvious evidentiary deficiencies, even when litigants fail to identify them.

## V. Appeals Council Error

Although not raised by Djuzo, there is a fundamental error with the Commissioner's determination stemming from the Appeals Council's failure to evaluate new treating source evidence in accordance with the treating physician rule. This error hinders meaningful judicial review, and results in a decision not supported by substantial evidence.

*A. Submission of New Evidence to Appeals Council*

A claimant may "submit new and material evidence to the Appeals Council when requesting review of an ALJ's decision." *Perez v. Chater*, 77 F.3d 41, 44–45 (2d Cir. 1996). [6] "When the Appeals Council denies review after considering new evidence, [the court] simply review[s] the entire administrative record, which includes the new evidence, and determine[s], as in every case, whether there is substantial evidence to support the decision of the [Commissioner]." *Perez*, 77 F.3d at 46.

---

[6] The Appeals Council will consider new evidence when (1) the evidence is material, (2) it relates to the period on or before the administrative law judge's hearing decision, and (3) the Appeals Council finds that the administrative law judge's decision is contrary to the weight of the evidence, including the new evidence. *See* 20 C.F.R. § 416.1470(b); *see also Perez*, 77 F.3d at 44-45; *accord Rutkowski v. Astrue*, 368 Fed. App'x 226, 229 (2d Cir. 2010) (summary order).

B.  *Applicability of Treating Physician Rule at Appeals Council Level*

The treating physician rule (described in the note below[7]) applies to the Appeals Council when it considers new evidence containing findings and opinions of a treating physician. *See Asturias v. Colvin*, No. 13–CV–143–JTC, 2014 WL 3110028, at *5 (W.D.N.Y. July 7, 2014); *Toth v. Colvin*, No. 5:12–CV–1532 (NAM/VEB), 2014 WL 421381, at *5 (N.D.N.Y. Feb. 4, 2014). Thus, when claimants submit to the Appeals Council treating-physician opinions on the nature and severity of their impairments during the relevant period of disability, "the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to" that opinion. *James v. Commissioner of Soc. Sec.*, No. 06–CV–6180(DLI)(VVP), 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009). "Failure to provide 'good reasons' for not crediting

---

[7]  "Controlling weight" must be given to opinions of treating sources regarding the nature and severity of impairments, provided they are well-supported by medically acceptable clinical and laboratory diagnostic techniques and are not inconsistent with the other substantial evidence in the case record.  *See* 20 C.F.R. § 416.927(c)(2); *see also Green—Younger v. Barnhart*, 335 F.3d 99, 106 (2d Cir. 2003); *Cichocki v. Astrue*, 534 Fed. App'x 71, 74 (2d Cir. 2013)(summary order).

When controlling weight is not afforded, the degree of weight to be given such evidence is determined by applying six factors prescribed by regulation. *See* 20 C.F.R. § 416.927(c) (*e.g.*, frequency of examination and length, nature and extent of treatment relationship;  evidence in support of the treating physician's opinion; consistency of opinion with the record as a whole; whether opinion is from a specialist; and other factors that support or contradict the opinion).

An administrative law judge must then "comprehensively set forth his reasons for the weight assigned to a treating physician's opinion." *Burgess v. Astrue*, 537 F.3d 117, 129 (2d Cir. 2008)(internal alteration and citation omitted).  Such notice of determination must "always give good reasons" for the weight given to a treating source's opinion, 20 C.F.R. § 416.927(c)(2), and the administrative law judge "cannot arbitrarily substitute his own judgment for competent medical opinion." *McBrayer v. Secretary of Health & Human Servs.*, 712 F.2d 795, 799 (2d Cir. 1983); *see also Schaal v. Apfel*, 134 F.3d 496, 503-04 (2d Cir. 1998) (stating that the Commissioner must provide a claimant with "good reasons" for the lack of weight attributed to a treating physician's opinion); *Halloran v. Barnhart*, 362 F.3d 28, 32-33 (2d Cir. 2004)("This requirement greatly assists our review of the Commissioner's decision and 'let[s] claimants understand the disposition of their cases.' ")(quoting *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999)).

the opinion of a claimant's treating physician is a ground for remand." *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) (citing *Schaal v. Apfel*, 134 F.3d 496, 505 (2d Cir. 1998)). Further, "[i]t is insufficient for the Appeals Council to merely acknowledge that they reviewed new evidence from a treating physician without providing such reasoning." *Seifried ex rel. A.A.B. v. Commissioner of Soc. Sec.*, No. 6:13–CV–0347 (LEK/TWD), 2014 WL 4828191, at *4 (N.D.N.Y. Sept. 29, 2014) (citing *Shrack v. Astrue*, 608 F. Supp.2d 297, 302 (D. Conn. 2009)).

C.   *New Evidence Admitted and Considered by Appeals Council*

The new evidence here was a Medical Source Statement dated April 6, 2012 (after ALJ Ryan's decision) prepared by Nurse Practitioner Sweet and signed by her supervisor and Djuzo's treating physician, Dr. Cronkright. (T. 405-07). Dr. Cronkright and Nurse Pracitioner Sweet note that Djuzo is "seen on a regular basis for medical & behavioral issues."[8] (T. 405). Her diagnosis is PTSD, chronic, and depression. (*Id*.). Her prognosis is "fair-poor." (*Id*.). Her symptoms are: decreased energy; generalized persistent anxiety; difficulty thinking or concentrating; emotional lability; persistent disturbances of mood or affect; and sleep disturbances/nightmares. (*Id*.).

With respect to mental abilities and aptitudes needed to do unskilled work, Dr. Cronkright and Nurse Practitioner Sweet opined that Djuzo is *unable to meet competitive workplace standards* with respect to the following: (1) maintaining attention for a two-hour segment; (2) maintaining regular attendance and being punctual within customary, usually strict tolerances; (3) sustaining an ordinary routine without special supervision; (4) working in coordination with or proximity to others without being unduly distracted;

---

[8]   Dr. Cronkright has treated Djuzo since at least 2007. *See* note 1, *supra*.

(5) completing a normal workday and workweek without interruptions from psychologically based symptoms (flashbacks); (6) performing at a consistent pace without an unreasonable number of length of rest periods; (7) accepting instructions and responding appropriately to criticism from supervisors; (8) getting along with coworkers or peers without unduly distracting them or exhibiting behavioral extremes; (9) responding appropriately to changes in a routine work setting; (10) dealing with normal work stress; and (11) being aware of normal hazards and taking appropriate precautions. (T. 407). They further indicated that Djuzo "[d]oes not know English well," and that she *would be off task more than 20% of the time* and that her impairments would cause her to be *absent more than 4 days per month*. (*Id.*).

D.   *Discussion and Application*

When a treating physician signs a report prepared by a nurse practitioner (an "other source" whose opinions are not presumptively entitled to controlling weight[9]), the report should be evaluated under the treating physician rule unless evidence indicates that the report does not reflect the doctor's views.[10] Here, Dr.

---

[9] Nurse practitioners are considered to be "other sources" within the meaning of 20 C.F.R. § 416.913(d). Standing alone, their opinions never enjoy controlling weight presumptions. *See* SSR 06-03p, TITLES II AND XVI: CONSIDERING OPINIONS AND OTHER EVIDENCE FROM SOURCES WHO ARE NOT "ACCEPTABLE MEDICAL SOURCES" IN DISABILITY CLAIMS, 2006 WL 2329939 at *2 (SSA Aug. 9, 2006).

[10] *See Santiago v. Barnhart*, 441 F. Supp.2d 620, 628 (S.D.N.Y. 2006); *see also McAninch v. Astrue*, No. 09-CV-0969, 2011 WL 4744411, at *15 (W.D.N.Y. Oct. 6, 2011) ("[N]o legal principle . . . states that a doctor must personally write out a report that he or she signs in order for it to be accorded controlling weight."); *Ford v. Astrue*, No. 09-CV-6280, 2010 WL 4365836, at *13 n. 14 (W.D.N.Y. Nov. 3, 2010) ("This Court has previously held that it was error for an ALJ to reject a report by a non-physician that is signed by a treating physician."); *cf. Waters v. Astrue*, No. 10-CV-110, 2011 WL 1884002, at *8 n. 5 (D. Vt. May 17, 2011) ("Cases have held that when a doctor and a physician's assistant sign the same reports, 'the opinions [are] those of [the treating physician] as well as those of [the physician's assistant.].'" (alteration in original) (quoting *Riechl v. Barnhart*, 2003 WL 21730126, at *11 (W.D.N.Y. June 3, 2003))).

Cronkright, a long-standing treating physician, co-signed a report prepared by Nurse Practitioner Sweet. Dr. Cronkright and Nurse Practitioner Sweet opine that Djuzo's limitations are much more restrictive than that ALJ Ryan found them to be in his residual functional capacity assessment. There is no evidence suggesting that opinions stated in that report regarding Djuzo's aptitudes for unskilled work do not reflect Dr. Cronkright's views. Hence, the report should have been evaluated under the treating physician rule.

Having accepted and considered this additional evidence, the Appeals Council erred when it failed to evaluate it in accordance with the treating physician rule. The Appeals Council has not given good reason for the weight it assigned to this new medical source statement from Djuzo's treating physician. It merely stated that "we found that this information does not provide a basis for changing the Administrative Law Judge's decision." (T. 2). The Appeals Council therefore "not only failed to provide 'good reasons' for disregarding the treating physician's opinion, it did not provide any reasons at all." *Toth*, 2014 WL 421381, at *6.[11]

E.   *Harmless Error*

This error cannot be disregarded as harmless. It deprived Djuzo of substantial rights to have her disability determination made according to correct legal principles and based on substantial evidence. Given the potentially-dispositive nature of Dr. Cronkright's and Nurse Practitioner Sweet's evidence, the court cannot confidently conclude that Djuzo's claim would have been decided the same way absent these errors. Accordingly, the proper course for

---

[11] Although the Appeals Council erred in failing to consider and weigh Dr. Cronkright's opinion, the court is cognizant that there may be reasons for discounting his opinion. *See* 20 C.F.R. § 416.927(c). Notwithstanding, because "the propriety of agency action must be evaluated on the basis of stated reasons," the Commissioner's findings cannot be sustained. *Treadwell v. Schweiker*, 698 F. 2d 137, 142 (2d Cir. 1983).

this court is to remand the matter to the Commissioner for reconsideration in light of the new evidence to "provide the type of explanation required under the treating physician rule .... " *Farina v. Barnhart*, No. 04 CV 1299 JG, 2005 WL 91308, at *5 (E.D.N.Y. Jan. 18, 2005); *see also Snell*, 177 F.3d at 134; *Flagg v. Colvin*, No. 5:12–CV–0644 (GTS/VEB), 2013 WL 4504454, at 7 (N.D.N.Y. Aug. 22, 2013) (explaining that remand for reconsideration of new medical evidence is required where the Appeals Council's failure to provide good reasons for discounting a treating physician's opinion frustrates meaningful review.).

## VI. Remaining Points of Error

As to the remaining points of error, the Commissioner should reevaluate these alleged errors (*i.e.*, weighting of treating physician, Dr. Merima Ramovic-Zobic, D.O., opinions; credibility assessment of subjective testimony; adequacy of his findings and inquiries into Djuzo's ability to perform past relevant work as an assembler; and applicability of Section 203.01 of the Medical-Vocational Guidelines) all in light of the medical source statement of treating physician Dr. Cronkright and Nurse Practitioner Sweet.

## VII. Recommendation

The Commissioner's decision should be REVERSED, and the case should be REMANDED pursuant to 42 U.S.C. § 405(g), sentence four,[12] for further proceedings in accordance with this recommendation.

---

[12] *See Sears v. Colvin*, No. 8:12-cv-570 (MAD/ATB), 2013 WL 6506496, at *4 (N.D.N.Y. Dec. 12, 2013) (sentence four as opposed to sentence six remand is appropriate because evidence submitted to Appeals Council is not " 'newly acquired evidence' as contemplated by sentence six"); *see Titus ex rel. N.M.C. v. Astrue*, No. 09-CV-0093 (GTS/VEB), 2010 WL 3323738, at *5 (N.D.N.Y. July 6, 2010) (collecting cases).

## VIII. Objections

Parties have fourteen (14) days to file specific, written objections to the Report and Recommendation. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THE REPORT, OR TO REQUEST AN EXTENSION OF TIME TO FILE OBJECTIONS, WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Graham v. City of New York*, 443 Fed. App'x 657, 658 (2d Cir. 2011) (summary order); *FDIC v. Hillcrest Assocs.*, 66 F.3d 566, 569 (2d Cir. 1995); *see also* 28 U.S.C. § 636(b)(1), Rules 6(a), 6(e) and 72(b) of the Federal Rules of Civil Procedure, and NDNY Local Rule 72.1(c).

Signed on the ___3___ day of ___October___ 2014.

*/s/ Earl S. Hines*
Earl S. Hines
United States Magistrate Judge